JUSTICE NELSON
concurs.
¶26 I concur in the Court’s Opinion with the exception of the statement in ¶ 12.
¶27 I cannot agree that because the requirements of Alabama probate law do not track precisely with those of Montana probate law, we are, as a result, at liberty to not accept the orders, judgments and decrees of our sister state.
¶28 Indeed, the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, requires that full faith and credit be given in each state to the public acts, records and judicial proceedings of every other state. Moreover, this obligation is “exacting.” As we stated in Carr v. Bett, 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39:
The U.S. Supreme Court has held that the full faith and credit obligation owed to final judgments is exacting. A final judgment rendered by a state court is entitled to full faith and credit in the courts of its sister states. Underwriters National Assur. Co. v. North Carolina Life and Accident and Health Insurance Guaranty Ass'n (1982), 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558. The U.S. Supreme Court has stated that full faith and credit “generally requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it.”Durfee v. Duke (1963), 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186[]. Moreover, “the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced.” Underwriters National Assur. Co., 455 U.S. at 704, 102 S.Ct. at 1365, 71 L.Ed.2d at 570 (citations omitted).
¶29 While there are defenses to the application of the full faith and credit doctrine, none of those are articulated here. See Carr, ¶ 42 (defenses of lack of personal and subject matter jurisdiction of the foreign court, fraud in the procurement of the judgment, lack of due process, satisfaction, or other grounds that make the judgment invalid or unenforceable, may be raised by a party seeking to reopen or vacate a foreign judgment).
¶30 More to the point, the only relevance of Alabama’s probate proceedings to this matter would have to do with who is appointed *452 personal representative of Mark Lambert’s estate in Montana. That is not an issue here. Joshua, as the domiciliary personal representative in Alabama would typically have priority to be appointed personal representative in Mark’s estate proceedings in Montana. Section 72-3-506, MCA. However, here, the exemption in this statute applies because Mark’s holographic will specifically named Charlotte as the personal representative.
¶31 With those caveats, I concur.